## FRANCIS QUARLES *versus* LUKE GEORGE.

By a contract between the plaintiff and the defendant, it was agreed, that the defendant should deliver to the plaintiff one thousand barrels of flour, at the rate of six dollars per barrel, at any time within six months from the date of the contract, and give him six days notice prior to the time of such delivery, and that the plaintiff should pay that price therefor on the delivery. In an action by the plaintiff against the defendant for not delivering the flour within the six months, it was *held*, that under the provisions of this contract, it was incumbent on the defendant to do the first act, by giving notice of his readiness to deliver the flour ; but that as he had a right to give notice six days before the expiration of the six months, and had he then given notice, he would have had till the last day of the six months to deliver the flour, the actual breach of the contract by non-delivery, must be taken to have occurred on such last day, and the damages be computed accordingly.

BY an agreed statement of facts it appeared, that this was an action of assumpsit for not delivering a quantity of flour in pursuance of a contract entered into between the parties, on the 14th of August, 1835. The contract was in the following words.

" This indenture between," &c. " showeth, that I, the said Luke George, do agree to deliver in Boston, Massachusetts, to said Quarles, or his agent, one thousand barrels Gennesee fresh ground superfine flour, good quality, at the rate of six dollars per barrel, at any time within six months from date. And I, the said George, agree to give said Quarles six days' notice prior to the time the flour is delivered. I, the said Quarles, do agree to pay for the said flour the price above named, six dollars, in cash, on delivery of the flour. It is agreed, that if, within three months, either party wish to be released from this engagement, said party shall be allowed so to do, by paying to the other party the sum of five hundred dollars."

The flour was not delivered ; nor was any notice given by

the defendant to the plaintiff, that he should deliver the same; and neither party took advantage of the provision for a release from the contract within three months.

It was agreed, that Samuel Quarles, the son of the plaintiff, would have testified, that on the 13th of February, 1836, he went to the defendant's store, and told him, that he was authorized to receive the flour, and was ready to receive it; and that the defendant replied, that he should have nothing to do with it, and declined to give any other answer. No other demand than this was made by the plaintiff on the defendant.

If, upon these facts, the Court should be of opinion, that the plaintiff could maintain this action, the defendant was to be defaulted, and the Court were to determine upon the period of time, with reference to which the damages were to be assessed, it being agreed, that such damages were the difference between the price mentioned in the contract and the actual value. If the Court should be of opinion, that the plaintiff could not maintain this action, he was to become nonsuit.

The case was submitted without argument

*Crowninshield*, for the plaintiff.

*Park*, for the defendant.

*Per Curiam.* This contract being mutual, the promise of each was a good consideration for the promise of the other. Then, as it appears to the Court, the question is, whether there was a breach on the part of the defendant. To determine this, it is necessary to inquire, who was to do the first act. It appears, that the defendant had the option to deliver the flour at any time he should elect within the six months, giving the plaintiff six days' notice to be ready to receive it in Boston, the defendant living in Albany. The first act, therefore, was to give the notice of readiness to deliver, and this was to be done by the defendant. This not being done, there was a breach on his part, and there was no need of a demand on the part of the plaintiff.

The defendant became disabled from performing his contract, by failing to give notice six days previous to the 14th of February, 1836. But, as he had till that time to give notice, and had he then given notice, he would have had till the last

*Jan. 21th, 1840.*

Quarles
v.
George.

day to deliver the flour, the actual breach by the non-delivery of the flour must be taken to have occurred on the last day, and the damages are to be computed accordingly.

*Defendant defaulted.*